IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LADARRIUS JOHNSON                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. _3:21-cv-567-KHJ-MTP_

MOBILE MEDIC AMBULANCE SERVICE,
INC. D/B/A AMR; AND JOHN DOES 1-3                          DEFENDANTS

## MOBILE MEDIC AMBULANCE SERVICE'S
## <u>NOTICE OF REMOVAL</u>

TO:   Honorable Zach Wallace
      Hinds County Circuit Clerk
      P.O. Box 327
      Jackson, MS 39205-0327

      Don H. Evans – MS Bar No. 5259
      500 East Capitol Street
      Suite 2
      JACKSON, MS 39201

COMES NOW, Defendant Mobile Medic Ambulance Service, Inc. d/b/a AMR (hereinafter

"AMR"), by and through its undersigned counsel and pursuant to 28 U.S.C. § § 1332, 1441, and

1446, and would respectfully show this Court as follows, to wit:

### I.

Plaintiff filed her Complaint against Defendants American Medical Response, Inc., Lauren

Craft, and John Does 1-3 on October 26, 2020, in the Circuit Court of Hinds County, Mississippi,

First Judicial District, said action being designated as *Ladarrius Johnson vs. American Medical*

*Response, Inc., Lauren Craft, Individually, and John Does 1-3*, Civil Action No. 25CI1:20-cv-676

(hereinafter referred to as the "State Court Action").  Mobile Medic was substituted for American

Medical Response, Inc., as the proper party on August 10, 2021.  On August 26, 2021, Lauren

Craft, the only resident Mississippi defendant, was dismissed.  This Notice of Removal is filed

{D1740905.1}

within 30 days of the dismissal of Craft and within one year of the date this action was commenced, in accordance with 28 U.S.C. § 1446.

## II.

A copy of the entire state court record is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446 and Local Rule 5(b).

## III.

Pursuant to 28 U.S.C. § 1446(b)(3), Defendant files this Notice of Removal within thirty (30) days after receipt by the defendant of the August 26, 2021 Order dismissing Craft, the only Mississippi resident defendant.  Prior to the entry of that Order this case was not removable because there was not complete diversity.

## IV.

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c).

## PARTIES

## V.

In his Complaint, the Plaintiff pleads that he is an adult resident citizen of Hinds County, Mississippi, and Defendant avers that Plaintiff is, at the time of the filing of this Notice of Removal, still an adult resident citizen of Hinds County, Mississippi.

## VI.

Defendant AMR was at the time the Complaint was filed and is presently a corporation organized and existing under the laws of the State of Delaware with its principal place of business

{D1740905.1}

in Colorado.[1]  The only Mississippi resident defendant, Lauren Craft, was dismissed by the trial court on August 26, 2021.  Exh. B.  The citizenship of the fictitiously named John Doe defendants is disregarded for purposes of establishing diversity.  See 28 U.S.C. § 1441(b).  There is, therefore, complete diversity of citizenship between the defendant and the plaintiff.

## DIVERSITY OF CITIZENSHIP

### VII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the properly joined parties.

## AMOUNT IN CONTROVERSY

### VII.

The amount in controversy requirement exceeds $75,000, exclusive of interest and costs. Plaintiff alleges that he has sustained "serious and permanent injuries" to his "lower back, neck, right hip, left shoulder and right leg along with injuries to his skeletal system, muscular system and nervous system."  Exh. C, Complaint at ¶6.  Plaintiff alleges that he has suffered "great pain" and that he has incurred "hospital, medical and drug bills and he can reasonably expect to incur further such expenses in the future."  Id.at ¶7.  Plaintiff also seeks damages for "past and future physical injuries, past and future pain, suffering and mental anguish, past and future medical bills and expenses, lost earnings, travel expenses"; "future lost earnings, permanent physical impairment, permanent disfigurement"; "property damage to his vehicle including loss of use,

---

[1] While American Medical Response, Inc. is no longer a party to this action, Defendant avers that American Medical Response, Inc. was at the time the Complaint was filed and is presently a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Colorado

{D1740905.1}

diminished value, the costs of repair and replacement and any other damages related to the damage of the vehicle." *Id.* at ¶14.

In addition, Plaintiff requests punitive damages. Exh. C at ad damnum paragraph. Given the nature and extent of Plaintiff's allegations of "serious and permanent injuries" to multiple parts of his body and the requested damages, the amount in controversy clearly exceeds the $75,000 jurisdictional limit of this Court. Even if this were not the case, Plaintiff's claim for punitive damages alone would be sufficient to meet the jurisdictional limit of this Court. See, e.g., *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction.") (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)); *Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages....").

## CONCLUSION

## VIII.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law.

{D1740905.1}

## IX.

Pursuant to the requirements of 28 U.S.C. § 1446(b), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Hinds County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendant, Mobile Medic Ambulance Service, Inc., respectfully submits this Notice of Removal from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Northern Division. Defendant further requests any additional relief to which it may be entitled.

DATED:  September 1, 2021.

Respectfully submitted,

MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR

BY: _____
OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

{D1740905.1}

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

BY: _____

{D1740905.1}