# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CI1:20-cv-00676-AHW

| | |
|---|---|
| JOHNSON et al v. American Medical Response, Inc. et al | Date Filed: 10/26/2020 |
| Assigned to: Adrienne Wooten | Date Reopened: 08/26/2021 |
| | Current Days Pending: 6 |
| **Upcoming Settings:** | Total Case Age: 316 |
| | Jury Demand: None |
| None Found | Nature of Suit: 182 Negligence - Motor Vehicle |

**Plaintiff**

**LADARRIUS JOHNSON**
     represented by   **Donnie Herbert Evans**
Don Evans
500 East Capitol Street
Suite 2
JACKSON, MS 39201
601-969-2006
Fax: 601-353-3316
Email: aedevanslaw@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOHN DOES**
*1-3*
     represented by   **JOHN DOES**
PRO SE

V.

**Defendant**

**American Medical Response, Inc.**
*TERMINATED: 08/10/2021*
     represented by   **Thomas Julian**
Daniel Coker
P.O. Box 1084
JACKSON, MS 39215
601-969-7607
Fax: 601-969-1116
Email: tjulian@danielcoker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LAUREN CRAFT**
*INDIVIDUALLY*
*TERMINATED: 08/26/2021*
     represented by   **Thomas Julian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MOBILE MEDIC AMBULANCE SERVICE, INC.**
     ...d by   **Thomas Julian**
(See above for address)



EXHIBIT
A

*doing business as*
AMR

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/26/2020 | 2 | COMPLAINT against American Medical Response, Inc., LAUREN CRAFT, filed by LADARRIUS JOHNSON. (Attachments: # 1 Civil Cover Sheet,) (KC) (Entered: 10/26/2020) |
| 10/26/2020 | 3 | SUMMONS Issued to American Medical Response, Inc.. (KC) (Entered: 10/26/2020) |
| 10/26/2020 | 4 | SUMMONS Issued to LAUREN CRAFT. (KC) (Entered: 10/26/2020) |
| 12/02/2020 | 5 | SUMMONS Returned Executed by LADARRIUS JOHNSON. *Re:* ** 3 SUMMONS Issued to American Medical Response, Inc.. (KC)** American Medical Response, Inc. served on 11/19/2020, answer due 12/19/2020. Service type: Personal (Evans, Donnie) (Entered: 12/02/2020) |
| 12/02/2020 | 6 | NOTICE OF SERVICE of Interrogatories Propounded to American Medical Response, Inc., NOTICE OF SERVICE of Request for Production of Documents Propounded to American Medical Response, Inc by LADARRIUS JOHNSON. (Evans, Donnie) (Entered: 12/02/2020) |
| 01/19/2021 | 7 | ANSWER to 2 Complaint *Answer & Defenses* by American Medical Response, Inc.. (Julian, Thomas) (Entered: 01/19/2021) |
| 01/25/2021 | 8 | NOTICE OF SERVICE of Interrogatories Propounded to Plaintiff, Ladarrius Johnson, NOTICE OF SERVICE of Request for Production of Documents Propounded to Plaintiff, Ladarrius Johnson by American Medical Response, Inc.. (Julian, Thomas) (Entered: 01/25/2021) |
| 06/03/2021 | 9 | MOTION to Dismiss *Lauren Craft* by Defendant LAUREN CRAFT (Attachments: # 1 Exhibit "A" Complaint,) (Julian, Thomas) (Entered: 06/03/2021) |
| 07/20/2021 | 10 | NOTICE of Hearing re 9 MOTION to Dismiss *Lauren Craft* by American Medical Response, Inc. (Julian, Thomas) (Entered: 07/20/2021) |
| 07/30/2021 | 11 | MOTION for Extension of Time to Serve Defendant by Plaintiff LADARRIUS JOHNSON, Defendant LAUREN CRAFT (Attachments: # 1 Exhibit Process Server Affidavit, # 2 Exhibit Affidavit of Attorney Don Evans,) (Evans, Donnie) (Entered: 07/30/2021) |
| 07/30/2021 | 12 | MOTION to Amend/Correct *Complaint* by Plaintiff LADARRIUS JOHNSON (Attachments: # 1 Exhibit Amended Complaint,) (Evans, Donnie) (Entered: 07/30/2021) |
| 08/02/2021 | 13 | ORDER granting 11 Motion for Extension of Time to Serve Process. Signed by Adrienne Wooten on 8/2/2021. (Mangum, Chaz) (Entered: 08/02/2021) |
| 08/10/2021 | 14 | AGREED ORDER SUBSTITUTING MOBILE MEDIC AMBULANCE SEVICE, INC. D/B/A AMR AS THE PARTY DEFENDANT, MOBILE MEDIC AMBULANCE SERVICE, INC. added. American Medical Response, Inc. terminated.. Signed by Adrienne Wooten on 08/04/2021. (KK) (Entered: 08/10/2021) |
| 08/12/2021 | 15 | MOTION for Reconsideration re 13 Order on Motion for Extension of Time Serve Defendant by Defendants LAUREN CRAFT, MOBILE MEDIC AMBULANCE SERVICE, INC. (Julian, Thomas) (Entered: 08/12/2021) |
| 08/19/2021 | 16 | SUMMONS Returned Executed by LADARRIUS JOHNSON. *Re:* ** 4 SUMMONS Issued to LAUREN CRAFT. (KC)** LAUREN CRAFT served on 8/16/2021, answer due |

| | | 9/15/2021. Service type: Personal (Evans, Donnie) (Entered: 08/19/2021) |
|---|---|---|
| 08/23/2021 | <u>17</u> | RESPONSE in Opposition re <u>15</u> MOTION for Reconsideration re <u>13</u> Order on Motion for Extension of Time Serve Defendant by LADARRIUS JOHNSON. (Attachments: # <u>1</u> Exhibit A - Walters Affidavit, # <u>2</u> Exhibit B - Goodrum Affidavit,) (Evans, Donnie) (Entered: 08/23/2021) |
| 08/26/2021 | <u>18</u> | MISCELLANEOUS DOCUMENT: Notice of Cancellation of Hearing re <u>9</u> MOTION to Dismiss *Lauren Craft*, <u>10</u> Notice of Hearing on Motion by MOBILE MEDIC AMBULANCE SERVICE, INC.. (Julian, Thomas) (Entered: 08/26/2021) |
| 08/26/2021 | <u>19</u> | ORDER Dismissing Party. LAUREN CRAFT terminated.. Signed by Adrienne Wooten on 8/26/2021. (LC) (Entered: 08/26/2021) |

### IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
### OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                      **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO. 20-676

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                              **DEFENDANT**

### COMPLAINT
### Trial by Jury Requested

COMES NOW the Plaintiff, LaDarrius Johnson, and files this her Complaint against the Defendant, American Medical Response, Inc., Lauren Craft, Individually and John Does 1-3, and in support thereof would respectfully show unto the Court the following facts to-wit:

### PARTIES

1.      The Plaintiff, LaDarrius Johnson (hereinafter "Plaintiff"), is an adult resident citizen of Hinds County, Mississippi.

2.      The Defendant, American Medical Response, Inc. (hereinafter "AMR"), is a foreign corporation believed to be organized and existing under the laws of the State of Colorado and doing business in Mississippi. Defendant may be served process through its registered Agent for Service of Process, Corporation Service Company, located at 7716 Old Canton Road, Suite C, Madison, MS 39110. Also, pursuant to Mississippi Code Ann. §13-3-63 and Mississippi Rules of Civil Procedure Rule 4, Defendant may be served with process by serving the Mississippi Secretary of State as agent for the Mississippi non-resident at its office located at 125 S. Congress Street, Jackson, MS 39201.

3.      The Defendant, Lauren Craft (hereinafter "Craft"), is an adult resident citizen of Hinds County, Mississippi, who may be served with process of this Court at her place of residence,

106 Stonewalk Court, Clinton, MS 39056.

4.      The Defendants, John Does 1-3, are entities, companies or persons, whose names and whereabouts at this time are unknown to the Plaintiff but may be added at a later date.

## JURISDICTION AND VENUE

5.      This Court has *in personam* jurisdiction over Defendants because the negligent acts and omissions of Defendants were committed in whole or in part in the State of Mississippi against a resident of the State of Mississippi.

6.      This civil action arises out of the negligent acts and omissions of Defendants committed whole or in part in Hinds County, Mississippi against a resident of Hinds County and of the State of Mississippi. Venue is proper in Hinds County, Mississippi pursuant to Mississippi Code § 11-11-3 since the alleged acts of negligence occurred in Hinds County.

## FACTS

1.      On or about November 9, 2017, the Plaintiff was driving and operating his vehicle in a lawful, careful, and prudent manner and traveling north on Highway 18 approaching the Langley Street cross over, located in the City of Jackson, Hinds County, Mississippi when suddenly, carelessly, recklessly, negligently and without warning, the Defendant, Lauren Craft, who was driving and operating a white and orange company vehicle belonging to the Defendants, AMR, and who was acting in the furtherance of and within the course and scope of her employment with AMR, and who was traveling north on Highway 18 approaching the Langley Street cross over, veered into the left lane where the Plaintiff was driving colliding with the front passenger side of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer injuries. As a direct and proximate result of the careless, reckless and negligent acts of the Defendant, Lauren Craft, the Plaintiff was caused to be thrown about in his vehicle at a high rate of speed and was caused to

suffer serious and permanent injuries to his person.   The Plaintiff would show that he suffered injuries to his lower back, neck, right hip, left shoulder and right leg along with injuries to his skeletal system, muscular system and nervous system.

7.   Plaintiff would show that he has had to be treated by doctors and other practitioners and has been caused to suffer great pain, and will suffer more of the same in the future as a result of the injuries he sustained in this accident.   This Defendant's negligence has directly caused the Plaintiff to have already incurred hospital, medical and drug bills and he can reasonably expect to incur further such expenses in the future.

### NEGLIGENCE OF DEFENDANT, AMERICAN MEDICAL RESPONSE, INC.

8.   Plaintiff alleges that all the aforesaid negligence of Defendant driver, Lauren Craft, may be directly imputed to Defendant, American Medical Response, Inc., through vicarious liability and agency issues based on its employees' actions. Plaintiff charges Defendants with negligence since Defendant, Craft, was acting within the scope and course of her employment with AMR. Plaintiff charges Defendant, Craft, through vicarious liability with gross and reckless negligence in failing to keep and maintain a proper lookout; with gross and reckless negligence in failing to keep and maintain the vehicle under free and easy control; with gross and reckless negligence in not maintaining proper speed; with gross and reckless negligence in failing to maintain a proper distance from other vehicles; with gross and reckless negligence in operating the vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with gross and reckless negligence in changing lanes with her medical vehicle when it was not safe to do so; with gross and reckless negligence in losing control of the medical vehicle causing it to collide with the Plaintiff's vehicle; gross and reckless negligence for using a cell phone and/or other handheld electronic device while operating a vehicle in a manner to be unsafe; with gross

and reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1201 for reckless driving; with gross and reckless negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; negligence per se; and with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff charges that as a direct and proximate result of the multiple acts of gross and reckless negligence of Defendant, Craft, acting as an agent of Defendant AMR, Plaintiff was caused to suffer the aforesaid injuries and damages.

9. Plaintiff alleges all of the aforesaid negligence of Defendant, Craft, is directly imputed to the Defendant, AMR, because the vehicle driven by Craft was owned by AMR, for the purpose of AMR's business and Defendant, Craft, was then, and at all times complained of, the agent, employee and servant of the aforesaid AMR and was acting in the furtherance of the business of the aforesaid AMR and within the course and scope of her employment.

10. Plaintiff further charges Defendant, American Medical Response, Inc., with these independent acts of negligence; with negligently failing to supervise its employee and/or the driver; negligent retention of the driver; negligent entrustment; negligent supervision, negligent training; failing to provide driver safety training courses to its employee and/or the driver; failing to instruct its employee and/or the driver on safe driving habits; failing to have a driver safety review board and training board; failing to stress safe driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while attempting to operate a vehicle; failure to train and prevent the driver from speeding; negligent maintenance, negligent repair, lack of proper equipment including mechanical issues and tires, bad brakes, not

having an updated inspection on the vehicle, negligent entrustment, violation of its policies and procedures, and failing to comply with the Federal Motor Carrier Safety Regulations, the Mississippi Rules of the Road, and with general negligence in the maintenance, use, and operation of the vehicle. Plaintiff alleges that the negligent acts of Craft and AMR were the direct and proximate cause of Plaintiff's injuries and various violations of the Federal Motor Carrier Safety Regulations and Mississippi Rules of the Road and any other acts of negligence that have not been exposed but may be found during discovery. Plaintiff alleges that the independent negligent acts of Defendant AMR were the direct and proximate cause of Plaintiff's injuries.

## NEGLIGENCE OF DEFENDANT, LAUREN CRAFT

11.     The Plaintiff charges the Defendant, Lauren Craft, with negligence in failing to keep and maintain a proper lookout; with negligence in failing to keep and maintain her vehicle under free and reasonable control; with negligence in operating her vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with negligence in failing to maintain a safe following distance between her vehicle and the Plaintiff's vehicle; with negligence in failing to drive / operate her vehicle at a safe and reasonable rate of speed; with negligence in failing to stop her vehicle, thereby colliding with the Plaintiff's vehicle, and Plaintiff charges that as a direct and proximate result of the several acts of negligence of the Defendant, she was caused to suffer the aforesaid injuries and damages.   The Plaintiff charges that the aforesaid were all in violation of applicable statutes of the State of Mississippi and the Rules of the Road.

## NEGLIGENCE OF JOHN DOES 1-3

12.     Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

13.     John Does 1-3 are entities, companies or persons whose names and identities are unknown at this time to Plaintiff but who may have been working in conjunction or in a joint

venture or as a partner with Defendant and may be responsible for the damages caused to Plaintiff. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to Plaintiff for her injuries. Plaintiff will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

## DAMAGES

14.    As a proximate result of the negligence of the Defendant as alleged above Plaintiff, has suffered damages, including but not limited to past and future physical injuries, past and future pain, suffering and mental anguish, past and future medical bills and expenses, lost earnings, travel expenses and other damages to be proven at trial. Plaintiff, reasonably anticipates future damages, proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical impairment, permanent disfigurement, future travel expenses and other damages. Plaintiff also claims property damage to his vehicle including loss of use, diminished value, the costs of repair and replacement and any other damages related to the damage of the vehicle.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, LaDarrius Johnson, sues and demands judgment of and from the Defendant, American Medical Response, Inc., Defendant, Craft, Individually and John Does 1-3, and requests this Honorable Court award damages against the Defendants to the Plaintiff for accrued and future medical expenses, past and future pain, suffering and mental anguish, past and future lost earnings, permanent physical impairment, permanent disfigurement, past and future travel expenses, and other damages both general and specific, in an amount to be determined by a jury, reasonably believed to be in excess of this Court's jurisdictional minimum. Plaintiff further prays for punitive damages from each individual Defendant, American Medical Response, Inc., Defendant, Craft, Individually and John Does 1-3,

and Plaintiff asserts the independent acts of Defendant, Lauren Craft, due to the willful, wanton, and grossly negligent actions of the Defendant and Plaintiff prays for general relief along with all attorneys' fees, cost and expenses incurred in bringing this action.

RESPECTFULLY SUBMITTED,

**LADARRIUS JOHNSON**

BY: _____
           DON H. EVANS

OF COUNSEL:

DON H. EVANS MSB #5259
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

# COVER SHEET
Case: 25CI1:20-cv-00676-ATW   Document #: 2-1   Filed: 10/26/2020   Page 1 of 1
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Filed Year | Docket Number |
|---|---|---|---|---|
| 251 | 01 | 20 | 20 20 | 676 |
| County # | Judicial District | Court ID (CH, CI, CO) | | |

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 10 | 26 | 20 |

Mississippi Supreme Court   Form AOC/01
Administrative Office of Courts   (Rev 2016)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT**   Court of   **HINDS**   County — **FIRST**   Judicial District

## Origin of Suit (Place an "X" in one box only)

| | | | | |
|---|---|---|---|---|
| [X] Initial Filing | [ ] Reinstated | [ ] Foreign Judgment Enrolled | [ ] Transfer from Other court | [ ] Other |
| [ ] Remanded | [ ] Reopened | [ ] Joining Suit/Action | [ ] Appeal | |

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual **Johnson** — **LaDarrius**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

Business

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff

Attorney (Name & Address)   Don Evans, 500 E. Capitol St., Ste. 2, Jackson, MS 39201   MS Bar No. **5259**

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: _Don H. Evans_

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

Individual

| Last Name | First Name | Maiden Name, if applicable | **G** M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business   **American Medical Response, Inc**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known   MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [X] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other

IN THE __CIRCUIT__ COURT OF __HINDS__ COUNTY, MISSISSIPPI

__FIRST__ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____  _____
　　　　　File Yr　　Chronological No.　　　Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

## Defendant #2:

Individual: __Craft_____ __Lauren_____ ( _____ ) _____ _____
　　　　　　　　Last Name　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## Defendant #3:

Individual: __Does_____ __John 1-3_____ ( _____ ) _____ _____
　　　　　　　　Last Name　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## Defendant #4:

Individual: _____ _____ ( _____ ) _____ _____
　　　　　　　　Last Name　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　Jr/Sr/III/IV

__Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

__Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

Business _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

__Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                        **PLAINTIFF**

**VS.**                                        CIVIL ACTION NO. ___20 - 674___

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                        **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI: TO THE SHERIFF OF RANKIN COUNTY**
**OR ANY OTHER LAWFUL PERSON:**

**GREETINGS:**

We command you to summons:

TO:    American Medical Response, Inc.
       Agent for Service of Process
       Corporation Service Company
       7716 Old Canton Road, Suite C
       Madison, MS 39110

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**Don H. Evans whose address is 500 East Capitol Street, Suite 2, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 26th day of
___Oct___, 2020.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By: ___KCrushen___  D.C.

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                    **PLAINTIFF**

**VS.**                                    CIVIL ACTION NO. 20-677

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                        **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI: TO THE SHERIFF OF RANKIN COUNTY**
**OR ANY OTHER LAWFUL PERSON:**

**GREETINGS:**

We command you to summons:

TO:    Lauren Craft
       106 Stonewalk Court
       Clinton, MS 39056

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the complaint to:
**Don H. Evans whose address is 500 East Capitol Street, Suite 2, Jackson, Mississippi 39201.**

      Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

      You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 2[L] day of

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

By: _____ D.C.

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                              **PLAINTIFF**

**VS.**                                        CIVIL ACTION NO. ___20- 674___

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                          **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI: TO THE SHERIFF OF RANKIN COUNTY**
**OR ANY OTHER LAWFUL PERSON:**

**GREETINGS:**

We command you to summons:

TO:   American Medical Response, Inc.
      Agent for Service of Process
      Corporation Service Company
      7716 Old Canton Road, Suite C
      Madison, MS 39110

*ATTEST A TRUE COPY*
*OCT 26 2020*
*ZACK WALLACE, CIRCUIT CLERK*
*BY_____ D.C.*

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

   You are required to mail or hand-deliver a copy of a written response to the complaint to:
**Don H. Evans whose address is 500 East Capitol Street, Suite 2, Jackson, Mississippi 39201.**

   Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

   You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

   ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the ___ day of
_____, 2020.

                              ZACK WALLACE, CIRCUIT CLERK
                              P.O. BOX 327, JACKSON, MS 39205

                              By: _____ D.C.

Case: 25CI1:20-cv-00676-AHW     Document #: 5     Filed: 12/02/2020     Page 2 of 2

## PROOF OF SERVICE - SUMMONS

### AMERICAN MEDICAL RESPONSE, INC.

c/o Corporation Service Company
NAME OF PERSON OR ENTITY SERVED

    I, the undersigned process server, served the summons upon the person or entity named above in the manner set forth below:

_____ FIRST CLASS MAIL & ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

**X  PERSONAL SERVICE. I personally delivered copies to Christina Sheppard on the 19th day of NOVEMBER where I found said person(s) in MADISON COUNTY in the State of Mississippi.**

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, Mississippi. I served the summons and complaint on the _____ day of _____, 2020, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____, a member of the family of the person served, above the age of sixteen years, and is willing to receive summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served, at his/her usual place of abode, where the copies were left.

_____ I WAS UNABLE TO SERVE THE SUMMONS.

    At the time of service I was at least eighteen (18) years of age and not a party to this action.

PROCESS SERVER:
NAME: *Karen Newman*
SOCIAL SECURITY NO. (Last 4 digits): *5010*
ADDRESS *500 East Capitol Street, Suite 2, Jackson, Mississippi 39201*
TELEPHONE NO. *601-969-2006*

STATE OF MISSISSIPPI
COUNTY OF HINDS

    Personally appeared before me, the undersigned authority in and for the state and county aforesaid, the within named, **Karen Newman,** who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

_____
PROCESS SERVER

Sworn to and subscribed before me on this, the 19th day of November, 2020.

_____
NOTARY PUBLIC

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                    **PLAINTIFF**

VS.                                                    CIV. ACTION NO. 20-676

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                              **DEFENDANTS**

### NOTICE OF SERVICE OF WRITTEN DISCOVERY

COMES NOW the Plaintiff, by and through counsel undersigned, and gives notice hereby

to the Court that the following written discovery has been served upon the Defendant:

*Plaintiff's First Set of Interrogatories and Requests for Production of Documents*
*Propounded to Defendant, American Medical Response, Inc.*

Further notice is hereby given that the originals have been retained in our files.

THIS, the 19th day of November, 2020.


RESPECTFULLY SUBMITTED,
**LaDarrius Johnson, Plaintiff**


By:      */s/ Don H. Evans*
DON H. EVANS, Esq.

OF COUNSEL:
DON H. EVANS, MSB #5259
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
aedevanslaw@gmail.com
ATTORNEY FOR PLAINTIF

## C E R T I F I C A T E   O F   S E R V I C E

I, Don H. Evans, attorney for the Plaintiff, do hereby certify that a true and correct copy of

the above and foregoing Notice of Service, and the Written Discovery referenced herein, has been

served with the Summons and Complaint upon the following:

*American Medical Response, Inc*
*c/o its agent for process*
*Corporation Service Company*
*7716 Old Canton Road, Suite C*
*Madison, Mississippi 39110*

THIS, the 19th  day of November, 2020.


*/s/ Don H. Evans*
DON H. EVANS, Esq.

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                                PLAINTIFF

VS.                                                CIVIL ACTION NO. 20-676

AMERICAN MEDICAL RESPONSE, INC.,
LAUREN CRAFT, INDIVIDUALLY, AND
JOHN DOES 1 - 3                                                DEFENDANT

## ANSWER AND DEFENSES

COMES NOW defendant Mobile Medic Ambulance Service, Inc. DBA AMR (improperly sued as "American Medical Response, Inc.", hereinafter "AMR"), by counsel, and files this its Answer and Defenses to the Complaint, as follows:

## FIRST DEFENSE

The Complaint may fail to join a necessary party or parties.

## SECOND DEFENSE

Plaintiff's injuries and/or damages, if any, may have been due in whole or in part to her own conduct. Therefore, Defendant pleads comparative negligence and requests that any damages awarded to plaintiffs be reduced by the percentage of plaintiff's own negligence.

## THIRD DEFENSE

If plaintiff sustained any damages as a result of actions or inactions by any person, such damages were the fault and proximate result of actions or inactions taken or not taken by persons other than Defendant. Defendant specifically pleads the benefits of Miss. Code Ann. § 85-5-7.

## FOURTH DEFENSE

{D1570956.1}

Defendant's alleged actions and/or inactions were not the proximate cause or a cause in fact of plaintiff's alleged injuries and/or damages.

### FIFTH DEFENSE

Plaintiff may seek cumulative damages and/or damages which are not recoverable as a matter of law.

### SIXTH DEFENSE

Defendant pleads affirmatively all benefits of Miss. Code Ann. § 73-25-37, as amended.

### SEVENTH DEFENSE

Defendant pleads affirmatively and claims all benefits of Miss. Code Ann. § 11-1-60(2)(A).

### EIGHTH DEFENSE

Plaintiff seeks certain damages not recoverable as a matter of law.

### NINTH DEFENSE

American Medical Response, Inc., is not a proper party to this action.  Mobile Medic Ambulance Service, Inc. is a wholly-owned subsidiary of American Medical Response, Inc., that operates and provides services in central Mississippi.  Mobile Medic manages its own day to day operations.

### TENTH DEFENSE

Defendant pleads affirmatively and claims all benefits of Miss. Code Ann. § 63-3-809 and Miss. Code Ann. § 63-3-621.

### ELEVENTH DEFENSE

## **ANSWER**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2.      Defendant denies that American Medical Response, Inc. is a proper party to this action. Defendant admits that American Medical Response, Inc. is a foreign corporation who may be served through Corporation Service Company. The remaining allegations of paragraph 2 are denied.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5.      Defendant admits that this Court has jurisdiction. The remaining allegations of paragraph 5 are denied.

6.      Defendant admits on information and belief that venue is proper in this Court. The remaining allegations of paragraph 6 are denied.

1.      (sic) Defendant admits that on November 9, 2017, the vehicle driven by Plaintiff and the ambulance driven by Lauren Craft were involved in automobile accident on Highway 18 in Jackson, Mississippi. The remaining allegations of paragraph 1. (sic) are denied.

7.      Denied.

8.      Defendant admits that Craft was acting within the course and scope of her employment with AMR at the time of the subject accident. The remaining allegations of paragraph 8 are denied.

9.      Defendant admits that Craft was acting within the course and scope of her employment with AMR at the time of the subject accident.  The remaining allegations of paragraph 9 are denied.

10.     Denied.

11.     Denied.

12.     Defendant incorporates by reference all of its above denials, admissions, and defenses.

13.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14.     Denied.

In response to the final, unnumbered paragraph of the Complaint which begins with the word "WHEREFORE," Defendant denies that Plaintiff is entitled to any of the relief requested and demands to be dismissed from this suit with all costs and expenses assessed to Plaintiff.

## TWELFTH DEFENSE

Defendant reserves the right to amend its Answer and Defenses to assert any additional defenses which may be applicable as discovery proceeds.

## THIRTEENTH DEFENSE

Defendant invokes the provisions and protections of Miss. Code Ann. § 11-1-65 with respect to punitive damages.

## FOURTEENTH DEFENSE

Defendant avers that any award of punitive damages in this case would be in violation of the constitutional rights and safeguards provided under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitation, that there are

no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

## FIFTEENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Respectfully submitted,

MOBILE MEDIC AMBULANCE SERVICE,
INC. D/B/A AMR


BY:    */s/ Tom Julian*
         OF COUNSEL


TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                                    PLAINTIFF

VS.                                                   CIVIL ACTION NO. 20-676

AMERICAN MEDICAL RESPONSE, INC.,
LAUREN CRAFT, INDIVIDUALLY, AND
JOHN DOES 1 - 3                                                     DEFENDANT

### NOTICE OF SERVICE

TO:    Don H. Evans, Esq.
       Don Evans, PLLC
       500 E. Capitol, Suite 2
       Jackson, MS 39201

       Notice is hereby given that Mobile Medic Ambulance Service, Inc. d/b/a American

Medical Response, has this date served in the above-entitled action, the following:

1.    American Medical Response's First Set of Interrogatories Propounded to Plaintiff,
      and

2.    American Medical Response's First Set of Requests for Production of Documents
      Propounded to Plaintiff.

       The undersigned retains the originals of the above pleadings as custodian thereof, and

a copy of the above documents are being forwarded to all counsel of record with a copy of

this Notice.

       This, the 25th day of January, 2021.

                                   Respectfully submitted,

                                   MOBILE MEDIC AMBULANCE SERVICE, INC.
                                   D/B/A AMERICAN MEDICAL RESPONSE


                                   BY:  _____
                                        OF COUNSEL

TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400 [39211]
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116


## CERTIFICATE OF SERVICE

I do hereby certify that on January 25, 2021, I have served by United States mail a true and

correct copy of the above and foregoing document to:

Don H. Evans, Esq.
Don Evans, PLLC
500 E. Capitol, Suite 2
Jackson, MS 39201
aedevanslaw@gmail.com
*Attorney for Plaintiff*


_____
TOM JULIAN

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 20-676

AMERICAN MEDICAL RESPONSE, INC.,
LAUREN CRAFT, INDIVIDUALLY, AND
JOHN DOES 1 - 3                                              DEFENDANT

## MOTION TO DISMISS LAUREN CRAFT

COMES NOW defendant Lauren Craft, by counsel, specially appearing solely for purposes of moving to dismiss the claims against her, and files this Motion to Dismiss, as follows:

1.

Plaintiff filed this suit on October 26, 2020. Exh. A. Plaintiff was required to serve process on Craft within 120 days, or by February 23, 2021. Miss. R. Civ. P. 4(h). However, Plaintiff has failed to serve process on Craft. Therefore the claims against Craft should be dismissed pursuant to Miss. R. Civ. P. 4(h).

2.

In addition, the statute of limitations has expired on Plaintiff's claims against Craft. This case arises out of an automobile accident that occurred on November 9, 2017. Exh. A. The three-year statute of limitations would have expired on November 9, 2020. See Miss. Code Ann. § 15-1-49. Accordingly, when Plaintiff filed this case on October 26, 2020, there were 14 days remaining on the three-year statute of limitations. *Id.* On February 23, 2021, when the 120-day limit for Plaintiff to serve process on Craft expired, the statute of limitations automatically began running again and expired 14 days later, on March 9, 2021. See *Triple C Transport, Inc. v. Dickens*, 870 So.2d 1195, 1200 (Miss. 2004) (The "[f]iling of a complaint tolls the applicable statute of

limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120–day period, the statute of limitations automatically begins to run again when that period expires.")

3.

Because the statute of limitations has expired on all claims against Craft, Plaintiff's claims against Craft should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that all claims against Defendant Lauren Craft should be dismissed with prejudice.

This, the 3rd day of June, 2021.

Respectfully submitted,

MOBILE MEDIC AMBULANCE SERVICE,
INC. D/B/A AMR

BY:   */s/ Tom Julian*
OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:  601-969-1116

{D1671896.1}

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

*/s/ Tom Julian* _____

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                           **PLAINTIFF**

**VS.**                                               CIVIL ACTION NO. ___20-676___

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                                          **DEFENDANT**

### COMPLAINT
### Trial by Jury Requested

COMES NOW the Plaintiff, LaDarrius Johnson, and files this her Complaint against the

Defendant, American Medical Response, Inc., Lauren Craft, Individually and John Does 1-3, and

in support thereof would respectfully show unto the Court the following facts to-wit:

### PARTIES

1.     The Plaintiff, LaDarrius Johnson (hereinafter "Plaintiff"), is an adult resident

citizen of Hinds County, Mississippi.

2.     The Defendant, American Medical Response, Inc. (hereinafter "AMR"), is a

foreign corporation believed to be organized and existing under the laws of the State of Colorado

and doing business in Mississippi. Defendant may be served process through its registered Agent

for Service of Process, Corporation Service Company, located at 7716 Old Canton Road, Suite C,

Madison, MS 39110. Also, pursuant to Mississippi Code Ann. §13-3-63 and Mississippi Rules of

Civil Procedure Rule 4, Defendant may be served with process by serving the Mississippi

Secretary of State as agent for the Mississippi non-resident at its office located at 125 S. Congress

Street, Jackson, MS 39201.

3.     The Defendant, Lauren Craft (hereinafter "Craft"), is an adult resident citizen of

Hinds County, Mississippi, who may be served with process of this Court at her place of residence,



106 Stonewalk Court, Clinton, MS 39056.

4.    The Defendants, John Does 1-3, are entities, companies or persons, whose names and whereabouts at this time are unknown to the Plaintiff but may be added at a later date.

## JURISDICTION AND VENUE

5.    This Court has *in personam* jurisdiction over Defendants because the negligent acts and omissions of Defendants were committed in whole or in part in the State of Mississippi against a resident of the State of Mississippi.

6.    This civil action arises out of the negligent acts and omissions of Defendants committed whole or in part in Hinds County, Mississippi against a resident of Hinds County and of the State of Mississippi. Venue is proper in Hinds County, Mississippi pursuant to Mississippi Code § 11-11-3 since the alleged acts of negligence occurred in Hinds County.

## FACTS

1.    On or about November 9, 2017, the Plaintiff was driving and operating his vehicle in a lawful, careful, and prudent manner and traveling north on Highway 18 approaching the Langley Street cross over, located in the City of Jackson, Hinds County, Mississippi when suddenly, carelessly, recklessly, negligently and without warning, the Defendant, Lauren Craft, who was driving and operating a white and orange company vehicle belonging to the Defendants, AMR, and who was acting in the furtherance of and within the course and scope of her employment with AMR, and who was traveling north on Highway 18 approaching the Langley Street cross over, veered into the left lane where the Plaintiff was driving colliding with the front passenger side of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer injuries. As a direct and proximate result of the careless, reckless and negligent acts of the Defendant, Lauren Craft, the Plaintiff was caused to be thrown about in his vehicle at a high rate of speed and was caused to

suffer serious and permanent injuries to his person.   The Plaintiff would show that he suffered injuries to his lower back, neck, right hip, left shoulder and right leg along with injuries to his skeletal system, muscular system and nervous system.

7.    Plaintiff would show that he has had to be treated by doctors and other practitioners and has been caused to suffer great pain, and will suffer more of the same in the future as a result of the injuries he sustained in this accident.  This Defendant's negligence has directly caused the Plaintiff to have already incurred hospital, medical and drug bills and he can reasonably expect to incur further such expenses in the future.

## NEGLIGENCE OF DEFENDANT, AMERICAN MEDICAL RESPONSE, INC.

8.    Plaintiff alleges that all the aforesaid negligence of Defendant driver, Lauren Craft, may be directly imputed to Defendant, American Medical Response, Inc., through vicarious liability and agency issues based on its employees' actions. Plaintiff charges Defendants with negligence since Defendant, Craft, was acting within the scope and course of her employment with AMR. Plaintiff charges Defendant, Craft, through vicarious liability with gross and reckless negligence in failing to keep and maintain a proper lookout; with gross and reckless negligence in failing to keep and maintain the vehicle under free and easy control; with gross and reckless negligence in not maintaining proper speed; with gross and reckless negligence in failing to maintain a proper distance from other vehicles; with gross and reckless negligence in operating the vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with gross and reckless negligence in changing lanes with her medical vehicle when it was not safe to do so; with gross and reckless negligence in losing control of the medical vehicle causing it to collide with the Plaintiff's vehicle; gross and reckless negligence for using a cell phone and/or other handheld electronic device while operating a vehicle in a manner to be unsafe; with gross

and reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1201 for reckless driving; with gross and reckless negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; negligence per se; and with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff charges that as a direct and proximate result of the multiple acts of gross and reckless negligence of Defendant, Craft, acting as an agent of Defendant AMR, Plaintiff was caused to suffer the aforesaid injuries and damages.

9. Plaintiff alleges all of the aforesaid negligence of Defendant, Craft, is directly imputed to the Defendant, AMR, because the vehicle driven by Craft was owned by AMR, for the purpose of AMR's business and Defendant, Craft, was then, and at all times complained of, the agent, employee and servant of the aforesaid AMR and was acting in the furtherance of the business of the aforesaid AMR and within the course and scope of her employment.

10. Plaintiff further charges Defendant, American Medical Response, Inc., with these independent acts of negligence; with negligently failing to supervise its employee and/or the driver; negligent retention of the driver; negligent entrustment; negligent supervision, negligent training; failing to provide driver safety training courses to its employee and/or the driver; failing to instruct its employee and/or the driver on safe driving habits; failing to have a driver safety review board and training board; failing to stress safe driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while attempting to operate a vehicle; failure to train and prevent the driver from speeding; negligent maintenance, negligent repair, lack of proper equipment including mechanical issues and tires, bad brakes, not

having an updated inspection on the vehicle, negligent entrustment, violation of its policies and procedures, and failing to comply with the Federal Motor Carrier Safety Regulations, the Mississippi Rules of the Road, and with general negligence in the maintenance, use, and operation of the vehicle. Plaintiff alleges that the negligent acts of Craft and AMR were the direct and proximate cause of Plaintiff's injuries and various violations of the Federal Motor Carrier Safety Regulations and Mississippi Rules of the Road and any other acts of negligence that have not been exposed but may be found during discovery. Plaintiff alleges that the independent negligent acts of Defendant AMR were the direct and proximate cause of Plaintiff's injuries.

## NEGLIGENCE OF DEFENDANT, LAUREN CRAFT

11.    The Plaintiff charges the Defendant, Lauren Craft, with negligence in failing to keep and maintain a proper lookout; with negligence in failing to keep and maintain her vehicle under free and reasonable control; with negligence in operating her vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with negligence in failing to maintain a safe following distance between her vehicle and the Plaintiff's vehicle; with negligence in failing to drive / operate her vehicle at a safe and reasonable rate of speed; with negligence in failing to stop her vehicle, thereby colliding with the Plaintiff's vehicle, and Plaintiff charges that as a direct and proximate result of the several acts of negligence of the Defendant, she was caused to suffer the aforesaid injuries and damages.    The Plaintiff charges that the aforesaid were all in violation of applicable statutes of the State of Mississippi and the Rules of the Road.

## NEGLIGENCE OF JOHN DOES 1-3

12.    Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

13.    John Does 1-3 are entities, companies or persons whose names and identities are unknown at this time to Plaintiff but who may have been working in conjunction or in a joint

venture or as a partner with Defendant and may be responsible for the damages caused to Plaintiff. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to Plaintiff for her injuries. Plaintiff will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

<u>**DAMAGES**</u>

14.    As a proximate result of the negligence of the Defendant as alleged above Plaintiff, has suffered damages, including but not limited to past and future physical injuries, past and future pain, suffering and mental anguish, past and future medical bills and expenses, lost earnings, travel expenses and other damages to be proven at trial. Plaintiff, reasonably anticipates future damages, proximately caused by said negligence of Defendants, including future medical expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical impairment, permanent disfigurement, future travel expenses and other damages. Plaintiff also claims property damage to his vehicle including loss of use, diminished value, the costs of repair and replacement and any other damages related to the damage of the vehicle.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, LaDarrius Johnson, sues and demands judgment of and from the Defendant, American Medical Response, Inc., Defendant, Craft, Individually and John Does 1-3, and requests this Honorable Court award damages against the Defendants to the Plaintiff for accrued and future medical expenses, past and future pain, suffering and mental anguish, past and future lost earnings, permanent physical impairment, permanent disfigurement, past and future travel expenses, and other damages both general and specific, in an amount to be determined by a jury, reasonably believed to be in excess of this Court's jurisdictional minimum. Plaintiff further prays for punitive damages from each individual Defendant, American Medical Response, Inc., Defendant, Craft, Individually and John Does 1-3,

and Plaintiff asserts the independent acts of Defendant, Lauren Craft, due to the willful, wanton, and grossly negligent actions of the Defendant and Plaintiff prays for general relief along with all attorneys' fees, cost and expenses incurred in bringing this action.

RESPECTFULLY SUBMITTED,

**LADARRIUS JOHNSON**

BY: _____

DON H. EVANS

OF COUNSEL:

DON H. EVANS MSB #5259
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                                                PLAINTIFF

VS.                                                                CIVIL ACTION NO. 20-676

AMERICAN MEDICAL RESPONSE, INC.,
LAUREN CRAFT, INDIVIDUALLY, AND
JOHN DOES 1 - 3                                                                DEFENDANT

## NOTICE OF HEARING

TO:   All Counsel of Record

Please take notice that defendant Mobile Medic Ambulance Service, Inc. d/b/a AMR, by

and through counsel, will bring on for hearing its Motion to Dismiss Lauren Craft before the

Honorable Adrienne Wooten at the Hinds County Courthouse, in Jackson, Mississippi on August

27, 2021, at 9:00 a.m., or as soon thereafter as counsel may be heard.

This the 20th day of July, 2021.

Respectfully submitted,

MOBILE MEDIC AMBULANCE SERVICE,
INC. D/B/A AMR

BY:   */s/ Tom Julian*
           OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

(D1706072.1)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

*/s/ Tom Julian* _____

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                            **PLAINTIFF**

**VS.**                                                                    **CAUSE NO.: 20-676**

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY; AND JOHN DOES 1-3**          **DEFENDANTS**

### PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SERVE DEFENDANT LAUREN CRAFT WITH PROCESS

COMES NOW, the Plaintiff, by and through counsel, pursuant to the Mississippi Rules of Civil Procedure, and files his Plaintiff's Motion for Additional Time to Serve Defendant, Lauren Craft, with process, and in support thereof, would show unto the Court, as follows:

1.      The complaint was filed on October 26, 2020. Plaintiff attempted process on two defendants. Th first defendant was a corporation with an agent for service and was able to be served on November 19, 2020. The second defendant was the driver of the vehicle and did not have an agent for process. She required personal service. The Plaintiff hired a process server to locate and serve Lauren Craft. The process server attempted to find or locate the defendant for several months with no success.

2.      The Plaintiff made numerous attempts to serve the Defendant, Lauren Craft, but has been unsuccessful. The process server has made multiple attempts to locate Lauren Craft at the address that was listed on the accident report. The process server has run TLO report to find updated address to locate her whereabouts. (See Attached Exhibit "A" process server affidavit).

3.      The Plaintiff has diligently tried to serve the Defendant, Lauren Craft; however, the address listed is not a good address for Defendant, Lauren Craft. The Plaintiff has attempted to try and find the Defendant but has met with no success. Plaintiff has located a new address for the defendant in Clinton and would like to attempt to serve the defendant. It is necessary to

attempt process on the defendant as there is a dispute as to who the owner of the defendant's vehicle was at the time of the wreck. (See Attached Exhibit "B" affidavit of attorney).

      4.     The Plaintiff moves for an additional one hundred twenty (120) days in which to serve the Defendant, Lauren Craft. No prejudice will befall the Defendants if the Plaintiff is granted additional time to serve process.

      5.     For these reasons, it is in the interest of judicial economy and fairness to the Plaintiff that he be allowed additional time to serve the Defendant, Lauren Craft, with process.

      WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court grant this Plaintiff's Motion for Additional Time to Serve Defendant, Lauren Craft with Process, and enter its Order granting the Plaintiff an additional one hundred twenty (120) days from the date of said Order to serve the Defendant with process.

      THIS the 30th day of July, 2021.

                Respectfully Submitted,

                LADARRIUS JOHNSON

          BY:   /s/ Don H. Evans
               DON H. EVANS


OF COUNSEL:

DON H. EVANS, ESQ. (MSB #5259)
wjensenevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

# AFFIDAVIT OF NON-SERVICE

| Case:<br>20-676 | Court:<br>Hinds County Chancery Court , First Judicial District | County:<br>Hinds, MS | Job:<br>5542731 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Ladarrius Johnson | | Defendant / Respondent:<br>American Medical Response, Inc.; Lauren Craft, Individually; and<br>John Does 103 | |
| Received by:<br>Premier Process, LLC | | For:<br>Don Evans Law Office | |
| To be served upon:<br>Lauren Craft | | | |

I, Brad Walters, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Lauren Craft, 147 Links Drive, Madison, MS 39110

Manner of Service:   Unsuccessful Attempt

Documents:

Additional Comments:
1) Unsuccessful Attempt: Nov 20, 2020, 4:10 pm PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home notice removed

2) Unsuccessful Attempt: Dec 2, 2020, 7:20 pm PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home does not live at this address

3) Unsuccessful Attempt: Dec 4, 2020, 9:09 am PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home, double check with apartment manager, does not live at this address

4) Unsuccessful Attempt: Dec 10, 2020, 10:30 am PST at 106 Stonewalk Court, Clinton, MS 39056
Tried place of employment American Medical Response. No longer employed.

5) Unsuccessful Attempt: Dec 14, 2020, 9:22 am PST at 147 Links Drive, Madison, MS 39110
Address: 147 Links Drive, Canton, MS
No one home left notice on door

6) Unsuccessful Attempt: Dec 17, 2020, 6:27 pm PST at 147 Links Drive, Madison, MS 39110
No one home left notice

7) Unsuccessful Attempt: Dec 22, 2020, 2:29 pm PST at 147 Links Drive, Madison, MS 39110
No one home, left notice one door, Assistant manager would not verify residence, Manager was out of the office.
Possible phone numbers , called multiple time.
601-951-8575 601-826-2504 (Kevin Craft, Husband) 601-383-7955

_____   04/20/2021
Brad Walters                                           Date

Premier Process, LLC
P O Box 320939
Flowood, MS 39232
601-954-5979

*Subscribed and sworn to before me by the affiant who is
personally known to me.*

Wilma Darlene Millings
Notary Public

4/20/21                         2/21/24
Date                            Commission Expires



PLAINTIFF'S
EXHIBIT
A

WILMA DARLENE MILLINGS
NOTARY PUBLIC
ID No. 16033
Commission Expires
Feb 21. 2024
STATE OF MISSISSIPPI
RANKIN COUNTY

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

LADARRIUS JOHNSON

**PLAINTIFF**

VS.

**CAUSE NO.: 20-676**

AMERICAN MEDICAL RESPONSE, INC.;
LAUREN CRAFT, INDIVIDUALLY; AND JOHN DOES 1-3

**DEFENDANTS**

### AFFIDAVIT OF DON H. EVANS

STATE OF MISSISSIPPI
COUNTY OF HINDS

The undersigned, after being duly sworn, does completely swear or affirm that the following facts are true and correct and does hereby swear or affirm that he has personal knowledge of the following:

1.  I am an adult resident citizen of Mississippi. I am competent to make this Affidavit and have personal knowledge of the information contained herein.

2.  I represent LaDarrius Johnson for a personal injury in the above styled action.

3.  I filed the Complaint on October 26, 2020, I hired a process server who attempted to locate and serve the Defendant, Lauren Craft, on November 20, 2020, December 2, 2020, December 10, 2020, December 14, 2020, December 17, 2020, and also December 22, 2020. All six attempts were unsuccessful as the defendant was not at her residence and could not be located or contacted.

4.  My office was unsuccessful in locating or reaching Defendant, Lauren Craft.

5.  Lauren Craft is a necessary party and needs to answer questions related to who owned and operated the vehicle at the time of the wreck. Without her being included as a defendant I will have great difficulty completing discovery.

6.  I have made every effort to locate and serve the defendant. I have now located a new possible address for the defendant and wish to attempt service on her at the new location.

Don H. Evans



PLAINTIFF'S
EXHIBIT
B

1

SWORN TO AND SUBSCRIBED TO ME, this the 23rd day of July, 2021.

My Commission Expires:

July 29, 2022

NOTARY PUBLIC                    (SEAL)

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 124842
AMBER RAYBURN
Commission Expires
July 29, 2022
RANKIN COUNTY

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                                   **PLAINTIFF**

**VS.**                                                   **CAUSE NO.: 20-676**

**AMERICAN MEDICAL RESPONSE, INC.;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                   **DEFENDANTS**

### PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD JOHN DOE DEFENDANT

COMES NOW, the Plaintiff, LaDarrius Johnson, by and through counsel, pursuant to Mississippi Rules of Civil Procedure Rule 15 and files this his Motion to Amend Complaint to add John Doe Defendant Mobile Medical Ambulance Service, Inc. d/b/a AMR, and in support thereof would respectfully show unto the Court the following:

1.      Plaintiff originally filed a Complaint against Defendants in the above matter on October 26, 2020 [Doc. 2]. Plaintiff listed as yet unknown John Doe Defendants.  Defendant, American Medical Response, Inc. ("AMR")  filed it Answer to the Complaint clarifying that American Medical Response was not the proper party in this action. AMR claimed in its Answer that the proper party to sue was Mobile Medical Ambulance Service, Inc. d/b/a/ AMR.  Mobile Medical Ambulance Service, Inc. d/b/a/ AMR is a wholly owned subsidiary of American Medical Response, Inc. that operates and provides services in Central Mississippi. Mobile Medical manages its own day to day operations.  See [Doc. 7], Defendant AMR's Answer.

2.      Discovery in this matter has been ongoing and no trial date is set.

3.      Plaintiff wishes to amend his complaint to add John Doe Defendant who has been identified at Mobile Medical Ambulance Service, Inc. d/b/a AMR.

4.      Pursuant to MRCP Rule 15 "leave shall be freely given when justice so requires."

1

5.      Further, no prejudice will occur to any of the Defendants by allowing the

amendment.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that this Honorable

Court allow him to amend his Complaint by filing the attached Exhibit "A" Amended Complaint

and Plaintiff prays for any other relief as this Court deems proper.

THIS the 30th day of July, 2021.

                                        Respectfully Submitted,

                                        LADARRIUS JOHNSON

                          BY:     /s/ Don H. Evans
                                  DON H. EVANS

OF COUNSEL:

DON H. EVANS, ESQ. (MSB #5259)
wjensenevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Don H. Evans, hereby notify that I have this day electronically filed the foregoing document with the Clerk of Court using the MEC/ECF system which will send notification of such filing to:

Tom Julian, Esq. (MSB #101905)
tjulian@danielcoker.com
DANIEL, COKER, HORTON & BELL, P.A.
P. O. Box 1084
Jackson, MS 39215-1084
Attorney for Defendant, Medical Ambulance Service, Inc. d/b/a/ AMR

THIS the 30th day of July, 2021.

/s/ Don H. Evans
DON H. EVANS

## IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
## OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 20-676**

**AMERICAN MEDICAL RESPONSE, INC.;**
**MEDICAL AMBULANCE SERVICE, INC. D/B/A/ AMR;**
**LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                              **DEFENDANTS**

### AMENDED COMPLAINT

### <u>Trial by Jury Requested</u>

COMES NOW the Plaintiff, LaDarrius Johnson, and files this his Complaint against the

Defendant, American Medical Response, Inc., Medical Ambulance Service, Inc. d/b/a/ AMR,

Lauren Craft, Individually and John Does 1-3, and in support thereof would respectfully show

unto the Court the following facts to-wit:

### <u>PARTIES</u>

1.      The Plaintiff, LaDarrius Johnson (hereinafter "Plaintiff"), is an adult resident

citizen of Hinds County, Mississippi.

2.      The Defendant, American Medical Response, Inc. (hereinafter "AMR"), is a

foreign corporation believed to be organized and existing under the laws of the State of Colorado

and doing business in Mississippi. Defendant may be served process through its registered Agent

for Service of Process, Corporation Service Company, located at 7716 Old Canton Road, Suite

C, Madison, MS 39110. Also, pursuant to Mississippi Code Ann. §13-3-63 and Mississippi

Rules of Civil Procedure Rule 4, Defendant may be served with process by serving the

Mississippi Secretary of State as agent for the Mississippi non-resident at its office located at 125

S. Congress Street, Jackson, MS 39201.

1



3.      The Defendant, Medical Ambulance Service, Inc. d/b/a/ AMR (hereinafter "AMR"), is a foreign corporation believed to be organized and existing under the laws of the State of Colorado and doing business in Mississippi. Defendant may be served process through its registered Agent for Service of Process, Corporation Service Company, located at 7716 Old Canton Road, Suite C, Madison, MS 39110.

4.      The Defendant, Lauren Craft (hereinafter "Craft"), is an adult resident citizen of Hinds County, Mississippi, who may be served with process of this Court at her place of residence, 106 Stonewalk Court, Clinton, MS 39056.

5.      The Defendants, John Does 1-3, are entities, companies or persons, whose names and whereabouts at this time are unknown to the Plaintiff but may be added at a later date.

## JURISDICTION AND VENUE

6.      This Court has *in persona* jurisdiction over Defendants because the negligent acts and omissions of Defendants were committed in whole or in part in the State of Mississippi against a resident of the State of Mississippi.

7.      This civil action arises out of the negligent acts and omissions of Defendants committed whole or in part in Hinds County, Mississippi against a resident of Hinds County and of the State of Mississippi. Venue is proper in Hinds County, Mississippi pursuant to Mississippi Code § 11-11-3 since the alleged acts of negligence occurred in Hinds County.

## FACTS

1.      On or about November 9, 2017, the Plaintiff was driving and operating his vehicle in a lawful, careful, and prudent manner and traveling north on Highway 18 approaching the Langley Street cross over, located in the City of Jackson, Hinds County, Mississippi when suddenly, carelessly, recklessly, negligently and without warning, the Defendant, Lauren Craft,

2

who was driving and operating a white and orange company vehicle belonging to the

Defendants, AMR, and who was acting in the furtherance of and within the course and scope of

her employment with AMR, and who was traveling north on Highway 18 approaching the

Langley Street cross over, veered into the left lane where the Plaintiff was driving colliding with

the front passenger side of the Plaintiff's vehicle, thereby causing the Plaintiff to suffer injuries.

As a direct and proximate result of the careless, reckless and negligent acts of the Defendant,

Lauren Craft, the Plaintiff was caused to be thrown about in his vehicle at a high rate of speed

and was caused to suffer serious and permanent injuries to his person. The Plaintiff would show

that he suffered injuries to his lower back, neck, right hip, left shoulder and right leg along with

injuries to his skeletal system, muscular system and nervous system.

8.      Plaintiff would show that he has had to be treated by doctors and other

practitioners and has been caused to suffer great pain and will suffer more of the same in the

future as a result of the injuries he sustained in this accident. This Defendant's negligence has

directly caused the Plaintiff to have already incurred hospital, medical and drug bills and he can

reasonably expect to incur further such expenses in the future.

## NEGLIGENCE OF DEFENDANT AMERICAN MEDICAL RESPONSE, INC.

9.      Plaintiff alleges that all the aforesaid negligence of Defendant driver, Lauren

Craft, may be directly imputed to Defendant, American Medical Response, Inc., through

vicarious liability and agency issues based on its employees' actions. Plaintiff charges

Defendants with negligence since Defendant, Craft, was acting within the scope and course of

her employment with AMR. Plaintiff charges Defendant, Craft, through vicarious liability with

gross and reckless negligence in failing to keep and maintain a proper lookout; with gross and

reckless negligence in failing to keep and maintain the vehicle under free and easy control; with

gross and reckless negligence in not maintaining proper speed; with gross and reckless negligence in failing to maintain a proper distance from other vehicles; with gross and reckless negligence in operating the vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with gross and reckless negligence in changing lanes with her medical vehicle when it was not safe to do so; with gross and reckless negligence in losing control of the medical vehicle causing it to collide with the Plaintiff's vehicle; gross and reckless negligence for using a cell phone and/or other handheld electronic device while operating a vehicle in a manner to be unsafe; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-3-1201 for reckless driving; with gross and reckless negligence for violation of various other Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations; negligence per se; and with any other general acts of negligence that may exist but may not be known until discovery. Plaintiff charges that as a direct and proximate result of the multiple acts of gross and reckless negligence of Defendant, Craft, acting as an agent of Defendant AMR, Plaintiff was caused to suffer the aforesaid injuries and damages.

10.    Plaintiff alleges all of the aforesaid negligence of Defendant, Craft, is directly imputed to the Defendant, AMR, because the vehicle driven by Craft was owned by AMR, for the purpose of AMR's business and Defendant, Craft, was then, and at all times complained of, the agent, employee and servant of the aforesaid AMR and was acting in the furtherance of the business of the aforesaid AMR and within the course and scope of her employment.

11.    Plaintiff further charges Defendant, American Medical Response, Inc., with these independent acts of negligence; with negligently failing to supervise its employee and/or the

4

driver; negligent retention of the driver; negligent entrustment; negligent supervision, negligent

training; failing to provide driver safety training courses to its employee and/or the driver; failing

to instruct its employee and/or the driver on safe driving habits; failing to have a driver safety

review board and training board; failing to stress safe driving habits to its employee and/or the

driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause;

authorizing the driver to use a cell phone and/or other handheld electronic device while

attempting to operate a vehicle; failure to train and prevent the driver from speeding; negligent

maintenance, negligent repair, lack of proper equipment including mechanical issues and tires,

bad brakes, not having an updated inspection on the vehicle, negligent entrustment, violation of

its policies and procedures, and failing to comply with the Federal Motor Carrier Safety

Regulations, the Mississippi Rules of the Road, and with general negligence in the maintenance,

use, and operation of the vehicle. Plaintiff alleges that the negligent acts of Craft and AMR were

the direct and proximate cause of Plaintiff's injuries and various violations of the Federal Motor

Carrier Safety Regulations and Mississippi Rules of the Road and any other acts of negligence

that have not been exposed but may be found during discovery. Plaintiff alleges that the

independent negligent acts of Defendant AMR were the direct and proximate cause of Plaintiff's

injuries.

## NEGLIGENCE OF DEFENDANT MEDICAL AMBULANCE SERVICE, INC. D/B/A/ AMR

12.     Plaintiff alleges that all the aforesaid negligence of Defendant driver, Lauren

Craft, may be directly imputed to Defendant, Medical Ambulance Service, Inc. d/b/a AMR

through vicarious liability and agency issues based on its employees' actions. Plaintiff charges

Defendants with negligence since Defendant Lauren Craft, was acting within the scope and

course of her employment with Medical Ambulance Service, Inc. d/b/a AMR. Plaintiff charges

Defendant, Lauren Craft, through vicarious liability with gross and reckless negligence in failing

to keep and maintain a proper lookout; with gross and reckless negligence in failing to keep and

maintain the vehicle under free and easy control; with gross and reckless negligence in not

maintaining proper speed; with gross and reckless negligence in failing to maintain a proper

distance from other vehicles; with gross and reckless negligence in operating the vehicle in a

manner as to indicate a willful and wanton disregard for the safety of others; with gross and

reckless negligence in changing lanes with her medical vehicle when it was not safe to do so;

with gross and reckless negligence in losing control of the medical vehicle causing it to collide

with the Plaintiff's vehicle; gross and reckless negligence for using a cell phone and/or other

handheld electronic device while operating a vehicle in a manner to be unsafe; with gross and

reckless negligence for violating Mississippi Code Annotated section 63-3-1213 for careless

driving; with gross and reckless negligence for violating Mississippi Code Annotated section 63-

3-1201 for reckless driving; with gross and reckless negligence for violation of various other

Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety

Regulations; negligence per se; and with any other general acts of negligence that may exist but

may not be known until discovery. Plaintiff charges that as a direct and proximate result of the

multiple acts of gross and reckless negligence of Defendant, Lauren Craft t, acting as an agent of

Defendant, Medical Ambulance Service, Inc. d/b/a AMR, Plaintiff was caused to suffer the

aforesaid injuries and damages.

13.    Plaintiff alleges all of the aforesaid negligence of Defendant, Lauren Craft, is

directly imputed to the Defendant, Medical Ambulance Service, Inc. d/b/a AMR, because the

vehicle driven by Craft was owned by Medical Ambulance Service, Inc. d/b/a AMR, for the

purpose of Medical Ambulance Service, Inc. d/b/a AMR's business and Defendant, Lauren

6

Craft, was then, and at all times complained of, the agent, employee and servant of the aforesaid

Medical Ambulance Service, Inc. d/b/a AMR and was acting in the furtherance of the business of

the aforesaid Medical Ambulance Service, Inc. d/b/a AMR and within the course and scope of

her employment.

14.     Plaintiff further charges Defendant, Medical Ambulance Service, Inc. d/b/a AMR,

with these independent acts of negligence; with negligently failing to supervise its employee

and/or the driver; negligent retention of the driver; negligent entrustment; negligent supervision,

negligent training; failing to provide driver safety training courses to its employee and/or the

driver; failing to instruct its employee and/or the driver on safe driving habits; failing to have a

driver safety review board and training board; failing to stress safe driving habits to its employee

and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further

its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while

attempting to operate a vehicle; failure to train and prevent the driver from speeding; negligent

maintenance, negligent repair, lack of proper equipment including mechanical issues and tires,

bad brakes, not having an updated inspection on the vehicle, negligent entrustment, violation of

its policies and procedures, and failing to comply with the Federal Motor Carrier Safety

Regulations, the Mississippi Rules of the Road, and with general negligence in the maintenance,

use, and operation of the vehicle. Plaintiff alleges that the negligent acts of Lauren Craft and

Medical Ambulance Service, Inc. d/b/a AMR were the direct and proximate cause of Plaintiff's

injuries and various violations of the Federal Motor Carrier Safety Regulations and Mississippi

Rules of the Road and any other acts of negligence that have not been exposed but may be found

during discovery. Plaintiff alleges that the independent negligent acts of Defendant Medical

Ambulance Service, Inc. d/b/a AMR were the direct and proximate cause of Plaintiff's injuries.

## NEGLIGENCE OF DEFENDANT LAUREN CRAFT

15.     The Plaintiff charges the Defendant, Lauren Craft, with negligence in failing to keep and maintain a proper lookout; with negligence in failing to keep and maintain her vehicle under free and reasonable control; with negligence in operating her vehicle in a manner as to indicate a willful and wanton disregard for the safety of others; with negligence in failing to maintain a safe following distance between her vehicle and the Plaintiff's vehicle; with negligence in failing to drive / operate her vehicle at a safe and reasonable rate of speed; with negligence in failing to stop her vehicle, thereby colliding with the Plaintiff's vehicle, and Plaintiff charges that as a direct and proximate result of the several acts of negligence of the Defendant, she was caused to suffer the aforesaid injuries and damages. The Plaintiff charges that the aforesaid were all in violation of applicable statutes of the State of Mississippi and the Rules of the Road.

## NEGLIGENCE OF JOHN DOES 1-3

16.     Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

17.     John Does 1-3 are entities, companies or persons whose names and identities are unknown at this time to Plaintiff but who may have been working in conjunction or in a joint venture or as a partner with Defendant and may be responsible for the damages caused to Plaintiff. The John Doe Defendants may have participated in this incident and/or may be jointly and severally liable to Plaintiff for her injuries. Plaintiff will amend the complaint to add the names of the parties who may be John Does when that information becomes available.

## DAMAGES

18.     As a proximate result of the negligence of the Defendant as alleged above

Plaintiff, has suffered damages, including but not limited to past and future physical injuries, past

and future pain, suffering and mental anguish, past and future medical bills and expenses, lost

earnings, travel expenses and other damages to be proven at trial. Plaintiff, reasonably anticipates

future damages, proximately caused by said negligence of Defendants, including future medical

expenses, future pain, suffering and mental anguish, future lost earnings, permanent physical

impairment, permanent disfigurement, future travel expenses and other damages. Plaintiff also

claims property damage to his vehicle including loss of use, diminished value, the costs of repair

and replacement and any other damages related to the damage of the vehicle.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, LaDarrius Johnson, sues

and demands judgment of and from the Defendant, American Medical Response, Inc., Medical

Ambulance Service, Inc. d/b/a AMR, Defendant, Lauren Craft, Individually and John Does 1-3,

and requests this Honorable Court award damages against the Defendants to the Plaintiff for

accrued and future medical expenses, past and future pain, suffering and mental anguish, past

and future lost earnings, permanent physical impairment, permanent disfigurement, past and

future travel expenses, and other damages both general and specific, in an amount to be

determined by a jury, reasonably believed to be in excess of this Court's jurisdictional minimum.

Plaintiff further prays for punitive damages from each individual Defendant, American Medical

Response, Inc., Medical Ambulance Service, Inc. d/b/a AMR, Lauren Craft, Individually and

John Does 1-3, and Plaintiff asserts the independent acts of Defendant, Lauren Craft, due to the

willful, wanton, and grossly negligent actions of the Defendant and Plaintiff prays for general

relief along with all attorneys' fees, cost and expenses incurred in bringing this action.

This the 30th day of July, 2021

Respectfully Submitted,

LADARRIUS JOHNSON

BY:   /s/ Don H. Evans
      DON H. EVANS

OF COUNSEL:

DON H. EVANS, ESQ. (MSB #5259)
wjensenevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI**

**LADARRIUS JOHNSON**                                                     **PLAINTIFF**

**VS.**                                                                                    **CAUSE NO.: 20-676**

**AMERICAN MEDICAL RESPONSE, INC.;
LAUREN CRAFT, INDIVIDUALLY;
AND JOHN DOES 1-3**                                                  **DEFENDANTS**

## ORDER GRANTING EXTENSION OF TIME TO SERVE PROCESS

THIS DAY CAME ON TO BE HEARD, the Plaintiff's Motion for Additional Time to

Serve Defendant, Lauren Craft, [Doc. 11] and the Court having heard the issues related to the

Defendant's agent evading process, finds that good cause exists and orders that the Plaintiff is

hereby granted an additional one hundred and twenty (120) days from the date of the entry of

this Order in which to serve process upon Agent for process for Defendant, Lauren Craft.

SO ORDERED this the 2nd day of August, 2021.

_____
CIRCUIT COURT JUDGE

PREPARED BY:

DON H. EVANS, ESQ. (MSB #5259)
wjensenevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF

IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
OF HINDS COUNTY, MISSISSIPPI

LADARRIUS JOHNSON                                                      PLAINTIFF

VS.                                                        CIVIL ACTION NO.: 20-676

AMERICAN MEDICAL RESPONSE, INC.;
LAUREN CRAFT, INDIVIDUALLY;
AND JOHN DOES 1-3                                                     DEFENDANTS

## AGREED ORDER SUBSTITUTING MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR AS THE PARTY DEFENDANT

This day this cause came on to be heard upon the *ore tenus* motion of the Plaintiff and

Defendant to substitute the Defendant American Medical Response, Inc. with the Defendant

Mobile Medic Ambulance Service, Inc. d/b/a AMR and remove American Medical Response,

Inc. from the style of the case and substitute with Mobile Medic Ambulance Service, Inc. d/b/a

AMR on the above styled matter and the Court being fully advised in the premises, finds that

the motion is well taken.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant American

Medical Response, Inc. be removed as the named Defendant and be removed from the case

style as the named Defendant and substituted with Defendant Mobile Medic Ambulance

Service, Inc. d/b/a AMR in the style of this matter for all future pleadings.

SO ORDERED this the 4th day of August , 2021.

HONORABLE ADRIENNE H. WOOTEN
CIRCUIT COURT JUDGE

AGREED TO BY:

/s/ Don H. Evans
Don H. Evans, Esq. (MSB #5259)
Don Evans, PLLC
Attorney for Plaintiff

1

/s/  Tom Julian
Tom Julian, Esq. (MSB #101905)
Daniel, Coker, Horton & Bell, P.A.
Attorney for Defendant, Mobile Medic Ambulance Service, Inc. d/b/a/ AMR

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                                         PLAINTIFF

VS.                                                       CIVIL ACTION NO. 20-676

MOBILE MEDIC AMBULANCE SERVICE,
INC. D/B/A AMR, LAUREN CRAFT,
INDIVIDUALLY, AND JOHN DOES 1 - 3                              DEFENDANT

## MOTION TO RECONSIDER ORDER GRANTING EXTENSION OF TIME
## TO SERVE PROCESS

Defendants[1] respectfully requests that this Court reconsider its August 2, 2021 Order

Granting Extension of Time to Serve Process, as follows:

## I.    BACKGROUND

Plaintiff filed this suit on October 26, 2020.  Plaintiff failed to serve Defendant Lauren

Croft within the 120-day limit of Miss. R. Civ. P 4(h).  When the 120-day period expired, the

statute of limitations began running again and expired on March 9, 2021.  Craft filed a Motion to

Dismiss based upon Plaintiff's failure to serve process and the expiration of the statute of

limitations.  That motion is pending and is set for hearing on August 27, 2021.  Docket #9, 10.

Plaintiff did not respond to that motion but instead filed a Motion for Additional Time to

Serve Craft on Friday, July 30, 2021.  Docket #11.  According to the motion and supporting

affidavits, a process server attempted to serve Craft in November and December of 2020, but made

no attempts whatsoever in the remaining months of January or February, 2021.  *Id.*  Prior to the

expiration of the 120-day limit to serve process, Plaintiff did not request additional time or

---

[1] Because Craft has not been served with process, she is specially appearing solely for purposes of moving to dismiss
the claims against her.

{D1725924.1}                                          1

otherwise seek relief from this Court.  It was not until Defendant moved to dismiss Craft that Plaintiff requested additional time to serve her.

On Monday, August 2, 2021, the Monday following the Friday when Plaintiff filed his Motion for Additional Time to Serve Craft, an Order Granting Extension of Time to Serve Process was filed.  Docket #13.  The Order states that it was prepared by Plaintiff's counsel, but Plaintiff's counsel did not provide a copy of that Order to undersigned counsel.  Nor was undersigned counsel copied on the communication, presumably an email, transmitting that Order to the Court. Plaintiff's counsel's contact with this Court was thus an improper *ex parte* communication in violation of Mississippi Rule of Professional Conduct 3.5(b) and Uniform Circuit and County Court Rule 4.02(1) (stating that a proposed order "shall accompany the court's copy of any motion which may be heard *ex parte*.")  The Order drafted by Plaintiff's counsel and provided to the Court *ex parte* states that Craft "evad[ed] process," although there is no evidence supporting that finding.

Undersigned counsel was unaware that Plaintiff's counsel had sent an *ex parte* Order to the Court until the Order was entered on August 2, 2021.  Defendants thus did not have the opportunity to respond to Plaintiff's Motion for Additional Time to Serve Craft or to object to the Order sent to the Court *ex parte*.  Undersigned counsel would have objected to the Order drafted by Plaintiff's counsel and informed the Court that a Motion to Dismiss was pending and that Defendants would be contesting Plaintiff's Motion for Additional Time to Serve Craft.  Defendants were deprived of the opportunity to do so.

Because the statute of limitations has already expired and Plaintiff has failed to establish good cause, the Order granting extension of time should be vacated and Plaintiff's motion should be denied.

**II.    The statute of limitations already expired, and Plaintiff has failed to show good cause.**

On February 23, 2021, when the 120-day limit for Plaintiff to serve process on Craft expired, the statute of limitations automatically began running again and expired 14 days later, on March 9, 2021, as set forth in Defendant's Motion to Dismiss. Docket #9. See *Triple C Transport, Inc. v. Dickens*, 870 So.2d 1195, 1200 (Miss. 2004) (The "[f]iling of a complaint tolls the applicable statute of limitations 120 days, but if the plaintiff fails to serve process on the defendant within that 120–day period, the statute of limitations automatically begins to run again when that period expires.")

Therefore, the statute of limitations had already expired on Plaintiff's claim against Craft before he filed the Motion for Additional Time to Serve Craft more than four months later, on July 30, 2021. Moreover, Plaintiff has failed to show good cause for failing to serve process on Craft within the 120 days. Rule 4(h) states,

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

"Good cause" requires Plaintiff to show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Triple C Transport*, 870 So. 2d at 1200 (quoting *Holmes v. Coast Transit Auth.*, 815 So.2d 1183, 1185 (Miss. 2002)). Plaintiff "must demonstrate that a diligent effort was made to effect timely service." *Edney v. Williams*, 269 So. 3d 113, 119-20 (Miss. 2018).

The Mississippi Supreme Court has further stated that good cause may be found:

> when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to

effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding *pro se or in forma pauperis*.

*Id.* at 1201.

Here, Craft has engaged in no misleading conduct, nor is there any evidence that she has evaded service of process. While the Order drafted by Plaintiff's counsel and provided to this Court *ex parte* states that Craft has "evad[ed] process," there is no evidence supporting that claim. Plaintiff's only evidence is that a process server attempted to serve Craft during November and December of 2020 at two different addresses. Plaintiff has offered no evidence that Craft was actually living at either of those addresses, no evidence that Craft was ever aware of such service attempts, and no evidence that Craft took any efforts to evade service of process. The "evaded process" defense was simply concocted by Plaintiff and included in the Order drafted by Plaintiff's counsel in an attempt to justify Plaintiff's lack of diligence.

Further, Plaintiff has not been diligent in attempting to serve process. Indeed, Plaintiff's last attempt to serve process was on December 22, 2020. See Plaintiff's Exhibit A. At that time, Plaintiff had 63 days remaining to serve process, yet Plaintiff made no attempt whatsoever to serve Craft during that time. Moreover, because Plaintiff failed to file a motion requesting an extension of time to serve process within the 120-day period, Plaintiff cannot show he acted diligently to serve process. See *Lewis Entertainment, Inc. v. Brady*, 142 So. 3d 396, 400 (Miss. 2014) (Finding no good cause where the plaintiff "failed to request additional time to serve process until seventy days after the 120-day period expired and three weeks after they were informed that their case was going to be dismissed.") Instead, Plaintiff did nothing to serve process on Craft, and presumably would have done nothing to serve process on Craft. Plaintiff took no action until after the statute of limitations expired and Defendant moved to dismiss Craft.

{D1725924.1}                                     4

Plaintiff has also offered no mitigating circumstances which support good cause.  See *Triple C*, 870 So. 2d at 1202.  Plaintiff simply made no efforts to serve Craft after December 22, 2020 and did not seek any relief from this Court until Defendants moved to dismiss Craft.

Because Plaintiff has not offered any evidence of misleading conduct, Plaintiff has not been diligent in serving process, and there are no mitigating circumstances, Plaintiff has failed to show good cause and the claims against Craft should be dismissed with prejudice.  *Id*. at 1201-02; see also *Puckett v. Clement*, 238 So. 3d 1139 (Miss. 2018) (Where the plaintiff failed to establish good cause for failing to serve process, the trial court abused its discretion in denying the defendant's motion to dismiss.)  Therefore, Plaintiff should not have been granted additional time to serve Craft, and Defendants respectfully submit that this Court's Order granting additional time should be vacated and Plaintiff's Motion for Additional Time to Serve Craft should be denied.

Finally, Plaintiff's counsel states in his Affidavit that Craft "is a necessary party," but fails to offer any argument or evidence that she qualifies as a necessary party under Miss. R. Civ. P. 19. To the contrary, AMR admits that Craft was in the course and scope of her employment with AMR at the time of the subject accident and that AMR would be vicarious liable for her alleged negligence.  See Docket #7, ¶8 ("Defendant admits that Craft was acting within the course and scope of her employment with AMR at the time of the subject accident.")  Plaintiff will be entitled to take her deposition regardless of whether she is a party.  Therefore, Craft is not a necessary party under established Mississippi law.  See *Olowo-Ake v. Emergency Medical Services Corp.*, 2012 WL 5499413 (S.D. Miss. 2012) (Finding that AMR employee was not a necessary party where AMR admitted the individual was in the course and scope of employment.); *Robinson v. American Medical Response, Inc.*, 2009 WL 10676900 (S.D. Miss. 2009) (Finding that the plaintiff "would not gain . . . any advantage" if the AMR driver and paramedic were not joined as

defendants where AMR "confirmed that it is vicariously liable for any acts of the driver and paramedic, and that it has sufficient insurance and/or assets to satisfy any judgment rendered.")

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court's Order granting additional time should be vacated and Plaintiff's Motion for Additional Time to Serve Craft should be denied.

This the 12th day of August, 2021.

Respectfully submitted,

MOBILE MEDIC AMBULANCE SERVICE, INC. D/B/A AMR

BY:   /s/ Tom Julian
      OF COUNSEL

TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian

{D1725924.1}                                    6

**IN THE FIRST JUDICIAL DISTRICT CIRCUIT COURT
OF HINDS COUNTY, MISSISSIPPI**

**LADARRIUS JOHNSON**                                               **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.** _20-76C_

**AMERICAN MEDICAL RESPONSE, INC.;
LAUREN CRAFT, INDIVIDUALLY;
AND JOHN DOES 1-3**                                               **DEFENDANT**

<u>**SUMMONS**</u>

**THE STATE OF MISSISSIPPI: TO THE SHERIFF OF RANKIN COUNTY
OR ANY OTHER LAWFUL PERSON:**

**GREETINGS:**

We command you to summons:

TO:    Lauren Craft
       106 Stonewalk Court
       Clinton, MS 39056

<u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand-deliver a copy of a written response to the complaint to:
**Don H. Evans whose address is 500 East Capitol Street, Suite 2, Jackson, Mississippi 39201.**

       Your response must be mailed or delivered within thirty (30) days from the date of
delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in your complaint.

       You must also file the original of your response with the Clerk of this Court within a
reasonable time afterwards.

       ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 20th day of
_____, 2020.

                                   ZACK WALLACE, CIRCUIT CLERK
                                   P.O. BOX 327, JACKSON, MS 39205

                                   By: _____ D.C.

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _Lauren Craft_____

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    (✗) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _16_ day of _August_, 2021 to: _Lauren Craft_____, where I found said person in _Hinds_ County in the State of Mississippi.

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2021, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $_____

Process server must list below (Please print or type)
Name ____Eagle Eye Investigations & Security,LLC_____
Address: ____P.O. Box 1085 Terry, Ms. 39170_____
Telephone No. ____601-291-2321_____

State of Mississippi
County of _Hinds_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Daniel Pace_____ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Daniel Pace_____
Process Server (signature)

    Sworn to and subscribed before me this the _17_ day of _August_____, 2021.

_____
NOTARY PUBLIC    (SEAL)

MY COMMISSION EXPIRES:_____

*Notary seal:*
STATE OF MISSISSIPPI
JIMMY R. PACE
NOTARY PUBLIC
ID No. 118155
Commission Expires
November 1, 2024
HINDS COUNTY

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**LADARRIUS JOHNSON**                                                                     **PLAINTIFF**

**VS.**                                                                     **CAUSE NO.: 20-676**

**MOBILE MEDIC AMBULANCE SERVICE, INC.
D/B/A AMR.; LAUREN CRAFT, INDIVIDUALLY;
AND JOHN DOES 1-3**                                                 **DEFENDANTS**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
RECONSIDER ORDER GRANTING EXTENSION OF TIME TO SERVE PROCESS**

      COMES NOW the Plaintiff, Ladarrius Johnson, by and through counsel and pursuant to

the Mississippi Rules of Civil Procedure, and files his Response in Opposition to Defendants'

Motion to Reconsider Order Granting Extension of Time to Serve Process, and in support

thereof, would show unto the Court the following:

      **I.**    **Introduction**

      1.     Plaintiff Ladarrius Johnson (hereinafter "Plaintiff") filed his Complaint [Doc. 2]

against Defendants Mobile Medic Ambulance Service, Inc. d/b/a AMR (hereinafter "AMR") and

Lauren Craft, individually (hereinafter "Craft") on October 26, 2020.

      2.     Defendant AMR is a corporation with a designated agent for service of process.

Plaintiff served AMR with process on November 19, 2020 [Doc. 5].

      3.     Defendant Craft was the driver of the AMR ambulance and does not have a

designated agent for service of process. Plaintiff hired a process server, Brad Walters with

Premier Process, LLC, to locate and serve Craft with process.

      4.     During November and December 2020 Walters made numerous attempts to locate

and serve Craft but was unsuccessful. Walters made multiple attempts to serve Craft at her

alleged address listed on the accident report, which is 106 Stonewalk Court, Clinton, MS 39056.

Walters was told by the property manager that Craft no longer lived at this address. Walters

attempted to serve Craft at her place of employment, AMR, and was told she was no longer

employed there. Walters ran a TLO report to find an updated address for Craft. The address he

located is 147 Links Drive, Apt. 44D, Canton, MS 39046. During December 2020 Walters made

several more attempts to serve Craft at this address but she never answered the door. Walters left

a notice on the apartment door and also made multiple phone calls to Craft and her husband.

Walters never received a response from Craft or her husband. (Ex. "A" – Affidavit of Process

Server).

      5.     In January 2021, Plaintiff's counsel hired Kenneth Goodrum to try to locate Craft.

Goodrum found the same addresses for Craft as Walters did. Goodrum attempted to locate and

contact Craft at these addresses and never received a response from Craft. (Ex. "B" – Affidavit

of Kenneth Goodrum).

      6.     On July 30, 2021, Plaintiff filed his Motion for Additional Time to Serve

Defendant Lauren Craft with Process [Doc. 11]. Plaintiff's motion detailed how Plaintiff had

diligently tried to locate Craft and serve her with process but had been unsuccessful.

      7.     On August 2, 2021, this Court entered an Order Granting Extension of Time to

Serve Process [Doc. 13]. The Court's Order found that good cause existed to grant the Plaintiff

additional time to serve Craft. The Order granted Plaintiff an additional one hundred and twenty

(120) days from the date of the entry of the Court's Order to serve Craft with process.

      8.     Defendants now file their Motion to Reconsider Order Granting Extension of

Time to Serve Process [Doc. 15]. Defendants' motion claims that because the statute of

limitations in this case has expired, and because Plaintiff's counsel has failed to establish good

cause for not serving Craft within the original 120 days prescribed by M.R.C.P. 4(h), the Court's

Order [Doc. 13] should be vacated and Plaintiff's Motion for Additional Time to Serve

Defendant Lauren Craft should be denied. Plaintiff disputes Defendants' claims for the reasons

cited below.

### II.    **Argument**

9.      As referenced above, Plaintiff's counsel has made numerous attempts to locate

and serve Defendant Lauren Craft but has been unsuccessful. Plaintiff's counsel hired both a

process server (Walters) and an investigator (Goodrum) to locate Craft, both at her alleged

address listed on the accident report and at another address. Plaintiff has run a TLO report to find

updated addresses to locate Craft's whereabouts. Despite the repeated attempts of Plaintiff's

counsel to locate and serve Craft at multiple addresses, Plaintiff's counsel has to date been

unsuccessful in locating Craft.

10.      Plaintiff's counsel believes Craft is evading service of process. Plaintiff would

note that Defendants' Motion to Reconsider states "Because Craft has not been served with

process, she is specially appearing solely for purposes of moving to dismiss the claims against

her." [Doc. 15, fn. 1]. Based on this statement, Plaintiff's counsel believes defense counsel

knows Craft's current location and has not disclosed the location. Plaintiff requests defense

counsel provide him with all of Craft's contact information in Defendants' possession.

11.      Plaintiff's counsel has diligently tried to serve Craft; however, the address listed

for Craft in the accident report is not a good address for Craft. Plaintiff's process server Walters

as well as Goodrum have also tried to locate and contact Craft using an updated address from a

TLO report. Craft is either not residing at the addresses or is deliberately avoiding service of

process at the addresses.

12.     Plaintiff's counsel has shown good cause for not serving process on Craft within

the original 120 days prescribed by Rule 4(h). To meet the burden of proof of good cause, the

plaintiff must demonstrate that a diligent effort was made to effect timely service. *Foss v.*

*Williams*, 993 So.2d 378, 379 (Miss. 2008). "The plaintiff must show more than that service

failed due to 'simple inadvertence or mistake of counsel or ignorance of the rules.'" *Copiah Cty.*

*Sch. Dist. v. Buckner*, 61 So. 3d 162, 166 (Miss. 2011) (quoting *Watters v. Stripling*, 675 So.2d

1242, 1243 (Miss.1996)). In *Copiah County*, the Mississippi Supreme Court held:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to
> complete service in timely fashion is a result of the conduct of a third person,
> typically the process server, the defendant has evaded service of process or
> engaged in misleading conduct, the plaintiff has acted diligently in trying to effect
> service, or there are understandable mitigating circumstances, or the plaintiff is
> proceeding pro se or in forma pauperis.

*Id.* at 166.

13.     In the case *sub judice*, Plaintiff has shown good cause because Craft is either

evading service of process or engaging in misleading conduct. As shown by the affidavits of

Walters and Goodrum, they have tried for months to locate Craft at both the address listed in the

accident report and at an address listed in a TLO report. Walters was told by the property

manager that Craft no longer lived at the address listed in the accident report. Walters attempted

to serve Craft at her place of employment, AMR, and was told she was no longer employed

there. Walters ran a TLO report to find an updated address for Craft. The address he located is

147 Links Drive, Apt. 44D, Canton, MS 39046. During December 2020 Walters made several

more attempts to serve Craft at this address but she never answered the door. Walters left a

notice on the apartment door and also made multiple phone calls to Craft and her husband.

Walters never received a response from Craft or her husband. (Ex. "A" – Affidavit of Process

Server).

4

14.    Similarly, Plaintiff's investigator Goodrum made multiple attempts to locate and contact Craft at her alleged address listed in the accident report and the other address listed in the TLO report. Goodrum attempted to contact Craft and received no response.

15.    Defendants' Motion to Reconsider makes several incorrect claims. Defendants claim Craft has not engaged in any misleading conduct and has not evaded service of process. This claim is contradicted by the fact that Walters and Goodrum have made repeated attempts over several months to locate and contact both Craft and her husband and have never been able to locate her or have her or her husband return their calls. Moreover, the fact that Craft has specially appeared and joined in Defendants' Motion to Reconsider (and further requests in the motion that the claims against her be dismissed) shows both Craft is intentionally evading service of process, and defense counsel is aware of Craft's location.

16.    Defendants' Motion to Reconsider also incorrectly claims Plaintiff has offered no evidence Craft resided at either of the addresses referenced herein. That is not true. The accident report lists the Clinton address as her home address. The TLO report lists both the Clinton address and Canton address as possible home addresses for Craft. The accident report and the TLO report serve as evidence that Craft has at one time resided at one or both of those addresses while Walters and Goodrum have attempted to locate and contact her.

17.    Defendants' Motion to Reconsider also incorrectly states Plaintiff has not been diligent in attempting to serve process. Defendants' motion, citing Walters' affidavit, claims the last time Plaintiff attempted to serve process on Craft was on December 22, 2020, and that Plaintiff took no further action to serve Craft until after the statute of limitations had expired and Defendant moved to dismiss Craft. This is not true. Beginning in January 2021 through March 2021, Plaintiff's investigator Goodrum attempted to locate and contact Craft. Goodrum was

diligent in his efforts but was unable to find Craft at the address listed in the accident report and

the address listed in the TLO report. Goodrum has made multiple attempts during 2021 to locate

and contact Craft and has received no response.

18.     Defendants also incorrectly claim Plaintiff has offered no mitigating

circumstances which support good cause. Defendants cite *Triple C Transport, Inc. v. Dickens*,

which holds that a court, when considering whether a plaintiff has shown good cause, should

consider "understandable mitigating circumstances" in addition to whether the defendants

engaged in misleading conduct and whether the plaintiff acted diligently in trying to effect

service. 870 So. 2d 1195, 1201 (Miss. 2004). Defendants argue Plaintiff has not shown

"understandable mitigating circumstances" by inaccurately alleging Plaintiff has made no

attempt to serve Craft after December 22, 2020. Again, this is not true, as shown by the attached

affidavit of Goodrum which explains his efforts in January through March 2021 to locate Craft.

19.     Lastly, Defendants claims Craft is not a necessary party because "AMR admits

that Craft was in the course and scope of her employment with AMR at the time of the subject

accident and . . . AMR would be vicarious[sic] liable for her alleged negligence . . . Plaintiff will

be entitled to take her deposition regardless of whether she is a party." [Doc. 15, pg. 5].

20.     Plaintiff disputes Defendants' claim that Craft is not a necessary party. Plaintiff

has asserted independent claims of negligence against Craft, and Plaintiff is entitled to pursue

these claims against Craft. Additionally, while AMR claims "Plaintiff will be entitled to take her

deposition regardless of whether she is a party," the very fact that Craft has been avoiding

service and not responding to either Plaintiff's process server or Plaintiff's investigator serves as

evidence that it will be extremely difficult to take Craft's deposition if she is not a party

defendant. Because Craft was operating the AMR ambulance at the time of the subject accident,

her testimony is necessary in order for Plaintiff to pursue his negligence claims against both Craft and AMR. Plaintiff will be able to depose Craft and pursue his negligence claims against her if she is a party defendant and subject to the Court's subpoena power.

21.    While Defendants contend under the case law it is not necessary to maintain an action against the driver, because the Plaintiff has asserted independent claims of negligence against Craft and because Craft has been evading process, service of process on Craft is necessary.

22.    Plaintiff has shown good cause as to why he should be granted an extension of time to serve Craft, as Craft is either evading process or engaging in misleading conduct. Plaintiff has acted diligently in trying to effect service, and there are understandable mitigating circumstances. No prejudice will befall the Defendants if the Plaintiff is granted additional time to serve process because Defendant AMR has already been served and filed an Answer [Doc. 7] and Defendant Craft is aware that Plaintiff is attempting to serve her, as evidenced by Craft's special appearance and joinder in Defendants' Motion to Reconsider and Craft's request that the claims against her be dismissed.

23.    Plaintiff also requests Defendants provide him with all of Craft's contact information in Defendants' possession.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court deny Defendants' Motion to Reconsider Order Granting Extension of Time to Serve Process, for the reasons stated herein. Plaintiff further requests any such relief that this Court deems just and proper.

THIS the 23rd day of August, 2021.

                                        Respectfully Submitted,

                                        LADARRIUS JOHNSON

                        BY:     /s/ Don H. Evans
                                DON H. EVANS


OF COUNSEL:

DON H. EVANS, ESQ. (MSB #5259)
wjensenevanslaw@gmail.com
DON EVANS, PLLC
500 East Capitol Street, Suite 2
Jackson, Mississippi 39201
Telephone: (601) 969-2006
ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I, Don H. Evans, hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the MEC/ECF system which will send notification of such filing to:

        Tom Julian, Esq.
        tjulian@danielcoker.com
        DANIEL, COKER, HORTON & BELL, P.A.
        P. O. Box 1084
        Jackson, MS 39215-1084
        Attorney for Defendant
        Medical Ambulance Service, Inc. d/b/a/ AMR

THIS the 23rd day of August, 2021.

                                        /s/ Don H. Evans
                                        DON H. EVANS

## AFFIDAVIT OF NON-SERVICE

| Case:<br>20-676 | Court:<br>Hinds County Chancery Court , First Judicial District | County:<br>Hinds, MS | Job:<br>5542731 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Ladarrius Johnson | | Defendant / Respondent:<br>American Medical Response, Inc.; Lauren Craft, Individually; and<br>John Does 103 | |
| Received by:<br>Premier Process, LLC | | For:<br>Don Evans Law Office | |
| To be served upon:<br>Lauren Craft | | | |

I, Brad Walters, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Lauren Craft, 147 Links Drive, Madison, MS 39110

Manner of Service:       Unsuccessful Attempt

Documents:

Additional Comments:
1) Unsuccessful Attempt: Nov 20, 2020, 4:10 pm PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home notice removed

2) Unsuccessful Attempt: Dec 2, 2020, 7:20 pm PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home does not live at this address

3) Unsuccessful Attempt: Dec 4, 2020, 9:09 am PST at 106 Stonewalk Court, Clinton, MS 39056
no one at home, double check with apartment manager, does not live at this address

4) Unsuccessful Attempt: Dec 10, 2020, 10:30 am PST at 106 Stonewalk Court, Clinton, MS 39056
Tried place of employment American Medical Response. No longer employed.

5) Unsuccessful Attempt: Dec 14, 2020, 9:22 am PST at 147 Links Drive, Madison, MS 39110
Address: 147 Links Drive, Canton, MS
No one home left notice on door

6) Unsuccessful Attempt: Dec 17, 2020, 6:27 pm PST at 147 Links Drive, Madison, MS 39110
No one home left notice

7) Unsuccessful Attempt: Dec 22, 2020, 2:29 pm PST at 147 Links Drive, Madison, MS 39110
No one home, left notice one door, Assistant manager would not verify residence, Manager was out of the office.
Possible phone numbers , called multiple time.
601-951-8575 601-826-2504 (Kevin Craft, Husband) 601-383-7955



Brad Walters                                04/20/2021
                                            Date

Premier Process, LLC
P O Box 320939
Flowood, MS 39232
601-954-5979

Subscribed and sworn to before me by the affiant who is
personally known to me.



Notary Public

4/20/21                    2/21/24
Date                       Commission Expires

WILMA DARLENE MILLINGS
NOTARY PUBLIC
ID No. 18033
Commission Expires
Feb 21, 2024
STATE OF MISSISSIPPI
RANKIN COUNTY

**PLAINTIFF'S
EXHIBIT
A**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**

**LADARRIUS JOHNSON**                                                 **PLAINTIFF**

**VS.**                                                      **CAUSE NO.: 20-676**

**MOBILE MEDIC AMBULANCE SERVICE, INC.**
**D/B/A AMR.; LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                          **DEFENDANTS**

<u>**AFFIDAVIT OF KENNETH GOODRUM**</u>

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

The undersigned, after being duly sworn, does completely swear or affirm that the

following facts are true and correct and does hereby swear or affirm that he has personal

knowledge of the following:

1.    I am an adult resident citizen of the State of Mississippi. I am competent to make this affidavit and have personal knowledge of the information contained herein.

2.    My name is Kenneth Goodrum. I was in law enforcement for 27 years. I am an investigator and I reside in Copiah, Mississippi.

3.    I was hired by Don Evans, PLLC in January 2021 to locate Lauren Craft so she could be served with process in this case.

4.    I ran a search on T.L.O. for Lauren Craft using the information listed in the accident report. The search returned a possible home address of 106 Stonewalk Court, Clinton, MS 39056. This is the same home address that is listed for Ms. Craft in the accident report.

5.    The T.L.O. search also returned a possible home address of 147 Links Drive, Apt. 44D, Canton, MS 39046 for Ms. Craft.

6.    Beginning in January 2021 through March 2021 I repeatedly tried to contact Ms. Craft at both the Clinton address and the Canton address. I visited both addresses multiple times. I was not able to locate Ms. Craft at either address.

7.    The T.L.O. search also listed possible phone numbers for Lauren Craft. Beginning in January 2021 through March 2021 I repeatedly called the phone numbers listed for Lauren Craft. No one ever answered the phone or returned my calls.

1



PLAINTIFF'S
EXHIBIT
B

8.    Based on my experience in law enforcement and as an investigator, I believe
Lauren Craft is deliberately evading service of process.

Kenneth Goodrum

SWORN TO AND SUBSCRIBED TO ME, this the 23rd day of August, 2021.

NOTARY PUBLIC          (SEAL)

My Commission Expires:

July 29, 2022

2

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

LADARRIUS JOHNSON                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 20-676

AMERICAN MEDICAL RESPONSE, INC.,
LAUREN CRAFT, INDIVIDUALLY, AND
JOHN DOES 1 - 3                                                     DEFENDANT

## NOTICE OF CANCELLATION OF HEARING

TO:    All Counsel of Record

PLEASE TAKE NOTICE that the hearing on defendant, Mobile Medic Ambulance Service, Inc. d/b/a AMR's Motion to Dismiss Lauren Craft, set before the Honorable Adrienne Wooten at the Hinds County Courthouse, in Jackson, Mississippi, on August 27, 2021, at 9:00 a.m. is hereby cancelled.

This, the 26th day of August, 2021.

                                        Respectfully submitted,

                                        MOBILE MEDIC AMBULANCE SERVICE,
                                        INC. D/B/A AMR


                                        BY:   */s/ Tom Julian*
                                              OF COUNSEL


TOM JULIAN - MS BAR NO. 101905
tjulian@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116

{D1738605.1}                              1

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I electronically filed the foregoing pleading or other document with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

/s/ Tom Julian

Case: 25CI1:20-cv-00676-AHW    Document #: 19    Filed: 08/26/2021    Page 1 of 1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**LADARRIUS JOHNSON**                                         **PLAINTIFF**

**VS.**                                                       **CAUSE NO.: 20-676**

**MOBILE MEDIC AMBULANCE SERVICE, INC.**
**D/B/A AMR.; LAUREN CRAFT, INDIVIDUALLY;**
**AND JOHN DOES 1-3**                                         **DEFENDANTS**

## AGREED ORDER OF DISMISSAL AS TO DEFENDANT LAUREN CRAFT

This day this cause came on to be heard upon the ore tenus motion of the Plaintiff to

dismiss only the Defendant Lauren Craft from this cause, without prejudice, and the Court, being

fully advised in the premises, finds that the motion is well taken and shall be granted

IT IS, THEREFORE, ORDERED AND ADJUDGED that only the Defendant Lauren

Craft is and shall be dismissed as a Defendant in this case, without prejudice. This matter shall

continue as to all other defendants.

SO ORDERED AND ADJUDGED this the 26th day of August, 2021.

_____
CIRCUIT COURT JUDGE

AGREED AND APPROVED:

_____
Don H. Evans, Esq. (MSB #5259)
Attorney for Plaintiff

_____
Tom Julian, Esq. (MSB #101905)
Attorney for Defendant Medical Ambulance Service, Inc. d/b/a/ AMR